**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tyler Lambert and Kathlynn L. Calkin, Defendants,

Of Whom Tyler Lambert is a Respondent,

and Kathlynn L. Calkin is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-000046

———————————

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

———————————

Unpublished Opinion No. 2019-UP-048
Submitted January 7, 2019 – Filed January 28, 2019

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Allison Bullard McNair, of Building Families LLC, of
Columbia, for Respondent Tyler Lambert.

Scarlet Bell Moore, of Greenville, for Respondent South Carolina Department of Social Services.

Robin Page, Law Office of Robin Page, LLC, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** Kathlynn Calkin (Mother) appeals the family court's order terminating her parental rights to her minor daughter (Child). On appeal, Mother argues the family court erred in finding clear and convincing evidence supported termination of parental rights (TPR) on the following grounds: (1) Mother failed to remedy the conditions that led to removal, and (2) Child was in foster care for fifteen of the most recent twenty-two months. The family court also found TPR was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2018). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence shows Mother failed to remedy the condition causing Child's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when a child has been removed from the parent, has been out of the home for six months following the adoption of a placement plan, and the parent has not remedied the conditions that caused the removal). In March 2013, the family court found Mother neglected Child after Child was admitted to the hospital with a severe head injury at four months old.[1] Mother was ordered to

---

[1] Tyler Lambert later pled guilty to criminal charges in connection with Child's injury, and his parental rights were also terminated.

demonstrate her ability to safely and appropriately parent Child and meet Child's needs. Due to Child's diagnosis of autism, Child has profound needs that require thirty hours of therapy per week in addition to therapy she receives at school. Child's therapists testified it was important that Child's caregiver be involved in Child's therapy in order to incorporate the therapy into Child's everyday care and learn techniques for caring for Child. However, substantial evidence demonstrated Mother failed to meaningfully participate in Child's therapy or reach out to Child's caregivers in order to become more involved. Moreover, Child's Guardian ad Litem (the GAL) indicated Mother had not adjusted her lifestyle to meet the needs of Child. Accordingly, we find clear and convincing evidence supports this ground.[2]

Additionally, we find TPR is in Child's best interest.[3] *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in a TPR case); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Child's needs are extensive, and although Mother has taken steps to obtain stability and engage in Child's life, she failed to demonstrate a commitment to Child's therapeutic needs. Child has lived with her foster parents essentially her entire life, she has thrived in their care, and they are willing to adopt Child. Child does not adjust well to change; indeed, Child's therapist testified it could cause Child irreparable harm to suddenly remove her from her familiar surroundings and disrupt the strict schedule and routine her foster parents currently provide. Furthermore, Mother has failed to put in place

---

[2] Because we find clear and convincing evidence supports this ground, we decline to address Mother's arguments pertaining to the TPR ground that Child was in foster care fifteen of the most recent twenty-two months. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address additional grounds for TPR when clear and convincing evidence supported TPR on another ground).

[3] Although Mother did not appeal this finding by the family court, we address it because it concerns the rights of a minor Child. *See Ex parte Roper,* 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise, ex mero motu, issues not raised by the parties.").

safeguards for a successful transition if reunification occurred. This case has been lingering for nearly six years. Stability and consistency is in Child's best interest. Thus, TPR is in Child's best interest so she may be available for adoption.

**AFFIRMED.**[4]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.